```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Maria Rodriguez                                    CV-05-5704 (CPS)
                    Petitioner,

  - against -                                      MEMORANDUM OPINION
                                                   AND ORDER
United States of America,

                    Respondent.

```
----------------------------------------X
```

SIFTON, Senior Judge.

On September 16, 2003, Maria Rodriguez pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(3)(B). She is currently serving an amended prison sentence of thirty months. Presently before the Court is Rodriguez's petition requesting that this Court set aside or correct the sentence it imposed on June 8, 2005, pursuant to 28 U.S.C. § 2255. Rodriguez challenges the imposition of this sentence on two grounds: (1) that her conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure; and (2) that her sentence did not accurately reflect the amount of money she laundered.

For the reasons set forth below, the petition is denied.

## BACKGROUND

The following facts are taken from the parties' submissions in connection with this motion and are undisputed except where noted.

Petitioner Maria Rodriguez was apprehended on February 25, 2003 following a sting operation conducted by a Task Force of agents from Immigration and Customs Enforcement. At that time, Rodriguez owned and operated Telemillenium, a store providing money orders and wire transfer services. In February of 2002 Rodriguez was approached by a confidential informant working with the Task Force, who proposed an exchange of cash for money orders. Between March 2002 and January 2003 Rodriguez accepted $136,000 in cash from the confidential informant in exchange for money orders. The confidential informant made several references to narcotics dealing as the source of the money being laundered. On March 8, 2002 the confidential informant told Rodriguez that he had to go to Philadelphia to pick up "the money and that shit," to which she responded that he should drive carefully and follow the traffic laws. In October 2002 the confidential informant specifically told Rodriguez that he was going to bring her "whatever I sell worth of coke". Petitioner laundered more than $70,000 following the conversation in March, and more than $32,000 following the conversation in October. All transactions with Rodriguez were tape recorded by the informant.

On September 16, 2003, Maria Rodriguez pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(3)(B). On May 6, 2004, I imposed a sentence of forty-six (46) months in prison, pursuant to U.S. Sentencing Guidelines §

2S1.1 Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity. Rodriguez's pre-sentencing report ("PSR") determined that under the Sentencing Guidelines her base offense level was 16 pursuant to § 2S1.1(a)(2) and § 2B1.1. Section 2S1.1(a)(2) sets a default of 8 to which additional levels are added depending on the amount of money laundered, as set forth in § 2B1.1. The amount of money Petitioner laundered was calculated as more than $70,000, for which § 2B1.1 provides an 8 level increase from the default of 8, for a total base level of 16. The PSR also added a 6 level enhancement based on Rodriguez's knowledge that the funds she laundered were narcotics proceeds, a 4 level enhancement based on the finding that Rodriguez was in the business of laundering funds, and a 3 level reduction for acceptance of responsibility, resulting in a net offense level of 23.

Rodriguez appealed her sentence. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) the parties consented to a remand of the case. On June 8, 2005 at the resentencing hearing, I sentenced Rodriguez to thirty (30) months. Although I did not alter the factual determinations made at the time of the original sentence, I imposed a non-guideline sentence under 19 U.S.C. §3556, taking into account that the money laundering in which Rodriguez participated was small scale compared to most money laundering operations and, as a result,

constituted a less serious offense than that contemplated by the sentencing guidelines.

On December 8, 2005, Rodriguez filed a *pro se* petition under § 2255 requesting that this Court vacate, set aside or correct her sentence on the grounds: (1) that her conviction was obtained by the use of evidence gained through an unconstitutional search and seizure; and (2) that her sentence did not accurately reflect the amount of money that she laundered.

**DISCUSSION**

Where, as here, a petition is filed *pro se*, the court must give the petitioner "every reasonable opportunity to demonstrate a valid complaint," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991), and must construe the "*pro se* petitioner's motion liberally in his [or her] favor," *Vasquez v. United States*, 1999 WL 549004, at *2 (S.D.N.Y. 1999). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

Section 2255 provides a prisoner in federal custody a limited opportunity to collaterally challenge the legality of the sentence imposed on him by the Court. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The sentencing court is authorized by § 2255 to discharge or resentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution . . . was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." § 2255; *Addonizio*, 442 U.S. at 185. In a § 2255 proceeding, the petitioner bears the burden of proving by a preponderance of the evidence that his or her sentence was imposed unlawfully. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

Unconstitutional Search and Seizure

Rodriguez argues that her conviction was based upon evidence obtained pursuant to an unconstitutional search and seizure. However, Petitioner's claim is doubly barred because she pleaded guilty at trial and failed to raise the issue on appeal.

The trilogy of *Brady v. United States*, 397 U.S. 742 (1970), *McMann v. Richardson*, 397 U.S. 759 (1970), and *Parker v. North Carolina*, 397 U.S. 790 (1970), stands for the general rule that a guilty plea, intelligently and voluntarily made, bars later constitutional challenges to pretrial proceedings. This rule was reaffirmed by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) where the court found that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

Additionally, absent a showing of both cause for the default and prejudice to the defendant, claims which could have been

raised on appeal but were not are waived. *Campino v. United States*, 968 F.2d 187(2d Cir. 1992). *Graziano v. United States*, 83 F.3d 587 (2d Cir. 1996).

Because Petitioner entered a guilty plea at trial, and appealed only her sentence, her constitutional claims are now procedurally barred, and her petition must be denied.

<u>Base Offense Level</u>[1]

Petitioner argues that her base offense level was erroneously calculated in that it did not accurately reflect the amount of money that she laundered.

In *Booker*, the Supreme Court held that mandatory application of the Sentencing Guidelines to enhance a sentence beyond the otherwise applicable Guidelines range based on facts neither found by a jury nor admitted by a defendant violated the Sixth Amendment of the U.S. Constitution. *United States v. Booker*, 543 U.S. 220, 244 (2005). The Supreme Court remedied this Constitutional violation by excising subsection 3553(b)(1), the mandatory aspect of the Sentencing Guidelines from Title 18. In *United States v. Crosby*, 397 F.3d 103 (2nd Cir. 2005), the Second Circuit held that, although the Sentencing Guidelines were no longer mandatory, a district judge is required to calculate and

---

[1] Petitioner's papers state only that her sentence doesn't "match with amount used on the money laundering." In construing petitioner's motion liberally in her favor, I have adopted the arguments she raised regarding this issue at sentencing. The government does not address this issue in its papers.

consider the Sentencing Guidelines as a factor in imposing a sentence.

At her resentencing hearing, Petitioner argued that in applying the Sentencing Guidelines, this Court made factual findings as to several enhancements, violating her 5th and 6th Amendment rights. Petitioner admitted intent to launder drug proceeds only beginning in October of 2002, and maintains that prior to that time she was unaware of the illegal source of the funds. At the original sentencing I found that she had been aware that the money was drug proceeds from March of 2002, and that she was in the business of money laundering. I did not alter these findings at the resentencing hearing.

The facts which Petitioner admitted in pleading guilty would have resulted in a net offense level of 17, rather than 23. Petitioner admitted to money laundering beginning in October of 2002 of an amount more than $32,000 but less then $70,000. Using only the amounts admitted by the Petitioner results in a base offense level of 14, rather than 16, as recommended in the PSR. As noted above, Section 2S1.1(a)(2) establishes a default of 8 to which additional levels are added depending on the amount of money laundered, as set forth in § 2B1.1. The lower dollar amount results in only a 6 level increase for laundering more than $32,000 pursuant to § 2B1.1(b)(1)(D), rather than an 8 level increase for laundering more than $70,000 pursuant to §

2B1.1(b)(1)(E). This results in a base offense level of 8 plus 6 for a total of 14. Petitioner also argued that the 4 level escalation for being in the business pursuant to § 2S1.1(b)(2)(C)(ii) was unconstitutional, because she did not admit to being in the business of money laundering. Petitioner's requested modifications would lower her offense level by 6, resulting in a net offense level of 17 rather than 23.

Nothing in *Booker* or *Crosby* prevents judicial fact-finding at sentencing. The *Crosby* court noted that "with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection. Thus, the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence." *United States v. Crosby*, 397 F.3d 103, 112 (2nd Cir. 2005) See also *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2005) (holding that the prohibition on judicial fact-finding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply to Guidelines calculations within the statutory range). *United States v. Vaughn*, 430 F.3d 518 (2nd Cir. 2005) (rejecting defendant's claim that Due Process Clause required he be sentenced only in accordance with facts proved beyond a reasonable doubt.)

There was no error in maintaining Petitioner's base offense level at 23 following the Supreme Court's decision in *Booker*. Based on the testimony of Petitioner and other witnesses, and her recorded conversations with the confidential informant, I found that the evidence indicated that she was aware that the money being laundered was drug proceeds in March of 2002, and that she was in the business of money laundering resulting in a base offense level of 23. These were factual determinations permissible in imposing a sentence below the statutory maximum.

In all events, in reducing Petitioner's sentence on resentencing to 30 months, I imposed a sentence below the guidelines range because I felt that the guidelines sentence range was disproportionately harsh in Petitioner's case, and exaggerated the seriousness of her offense. Although I considered the guideline range in an advisory capacity as required by *Crosby*, I imposed a 30 month sentence based on the factors to be considered pursuant to 18 U.S.C. 3553(a). I determined that a 30 month sentence would reflect the seriousness of the offense, deter future criminal conduct, and protect the public from future criminal activity.

The sentence I imposed falls within the 24-30 month guideline for the base offense level of 17, requested by the Petitioner. Even if I had considered a Sentencing Guidelines range of 24-30 months, I would have imposed a 30 month sentence,

because thirty months provides a sufficient deterrent for future criminal activities, and appropriately reflects the seriousness of the offense.

**CONCLUSION**

For the reasons set forth above, Maria Rodriguez's § 2255 petition is denied.

Petitioner is denied a certificate of appealability ("COA") because she has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denying a habeas petition on procedural grounds without reaching the underlying constitutional claim a COA should issue if there is a showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling". *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The applicable law regarding the effect of a guilty plea on subsequent constitutional claims is well settled, and no reasonable jurist would disagree that Petitioner's constitutional claim is procedurally barred. Thus Petitioner is not entitled to a COA.

The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated :   Brooklyn, New York
          July 10, 2006

                By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                     United States District Judge